SHELLEY D. KROHN, TRUSTEE
PO Box 371180
Las Vegas, NV 89137
Phone: (702) 421-2210
Fax: (702) 366-1939
E-mail: Shelley@TrusteeKrohn.com

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MCDONALD, ARIAEL<br><br><br><br>Debtor(s). | Case No.: BK-S-26-16087-NMC<br>Chapter 7<br><br>**TRUSTEE'S EX-PARTE MOTION TO DISMISS CASE PURSUANT TO BANKRUPTCY CODE §109(h)**<br><br>**(NO HEARING REQUIRED)** |

The Ex-Parte Motion of Shelley D. Krohn (the "Trustee") to dismiss this case represents:

1. Debtor filed for relief under the Bankruptcy Code on 09/28/2026, and the Trustee has duly qualified and is now acting as the Chapter 7 Trustee of the estate of the above-referenced debtor. *See ECF No. 1.*

2. On September 30, 2026, the Court entered an Order on Debtor's Certification of Exigent Circumstances denying the Debtor's request. A copy of this Order is attached hereto as "Exhibit A".

3. The Debtor's Petition does not indicate that a Certification of Credit Counseling was received prior to the filing of the bankruptcy, and to date, a Certification of Credit Counseling has not been filed.

4. Bankruptcy Code §109(h)(1) states that subject to paragraphs (2) and (3) and notwithstanding any other provision of this section other than paragraph (4) of this subsection, an individual may not be a debtor under this title unless such individual has, *during the 180-day period*

*ending on the date of filing of the petition* by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

5. In the present case, the Debtor has not filed a Credit Counseling Certificate and has presented no evidence that one was obtained prior to the Chapter 7 filing as required by Bankruptcy Code §109(h). Furthermore, this Court denied the Debtor's request to waive the Credit Counseling Certificate requirement.

WHEREFORE, Trustee request the Court to formally dismiss this case as the Debtor does not meet the qualifications of Bankruptcy Code §109(h).

DATED: 10/5/26

Shelley D. Krohn, Trustee

**DECLARATION OF TRUSTEE**

I declare, under penalty of perjury, that the foregoing is true and correct, to the best of my knowledge, information and belief.

DATED: 10/5/26

Shelley D. Krohn, Trustee

# EXHIBIT "A"

Honorable Natalie M. Cox
United States Bankruptcy Judge

NVB 1007-10 (Rev. 3/25)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

IN RE:

ARIAEL MCDONALD

Debtor(s)

BK-26-16087-nmc
CHAPTER 7

ORDER ON DEBTOR'S CERTIFICATION OF EXIGENT CIRCUMSTANCES

Hearing Date:
Hearing Time:

On consideration of the Debtor's Certificate of Exigent Circumstances, and for good cause shown, **IT IS ORDERED** that:

☑ The debtor's request is DENIED for failure to comply with the Petition, Part 5, paragraph 15.

☐ The debtor's request is GRANTED, and the time within which the debtor must file a Certificate of Credit Counseling is extended for a period not to exceed thirty (30) days from the date the petition was filed.

☐ A hearing has been scheduled before a United States Bankruptcy Judge. Hearing information is as follows:

Hearing Date:
Hearing Time:

###